IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHERRY DANDISON and RICHARD ORCHARD,
individually and on behalf of all others
similarly situated                                                                    PLAINTIFFS

v.                            No. 4:15-cv-62-DPM

HANK'S FURNITURE, INC.                                              DEFENDANT

ORDER

1. Plaintiffs move for conditional certification of a collective action under the Fair Labor Standards Act. № 9. Plaintiffs have also moved to supplement the record with the affidavit of Tara Smith, a furniture sales associate at Hank's Russellville, Arkansas, store. The Court grants the motion to supplement, № 20, and will consider Smith's affidavit.

The two named plaintiffs, and all opt-ins except Smith, worked as furniture sales associates at the Hank's store on Bowman Road in Little Rock, Arkansas. Smith had the same job at the Russellville store. All plaintiffs allege that Hank's required them, without pay, to perform pre-opening duties, such as cleaning and organizing the showroom floor and attending sales-team meetings. Plaintiffs allege further that Hank's deducted a thirty-minute lunch break from their paychecks regardless of whether they actually took a break.

Hank's doesn't contest that the Bowman-store plaintiffs are similarly situated. Hank's argues instead that several reasons support narrowing the proposed class. First, Hank's sales associates were hourly employees only for their first ninety days on the job. After that introductory period, sales associates were paid by commission. Second, Hank's lunch-break-deduction policy was in place only for a two-year period beginning in October 2010. And third, plaintiffs' allegations (except Smith's) implicate only the Bowman Road store. Hank's hasn't had the opportunity to respond to Smith's affidavit. But because her allegations echo those of the Bowman-related plaintiffs, the Court believes that Hank's would raise the same objections. No employee from Hank's fifteen other stores in four other states has alleged similar FLSA violations.

**2.** Plaintiffs have made the modest factual showing that an affected group exists here. *In re Pilgrim's Pride Fair Labor Standards Act Litigation*, 2008 WL 4877239 at *3 (W.D. Ark. 13 March 2008). But the group doesn't span all Hank's stores. The Court has considered all the usual circumstances in making its preliminary decision on similarity. *See, e.g., Smith v. Frac Tech Services, Ltd.*, 2009 WL 4251017 (E.D. Ark. 24 November 2009).

Four of the five opt-in plaintiffs worked at the Bowman Road store; the fifth worked at the Russellville store. Beyond those two stores, plaintiffs offer only their unsubstantiated belief that Hank's violated the FLSA. *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003). The echoing affidavits, saying essentially that "we know this was happening at other stores too," are simply too generic to suffice. The lunch-break policy applied to all of Hank's stores. Adam Jordan, Hank's controller, says that an employee who didn't take the lunch break could tell a store manager to restore the deducted time to the employee's time sheet. № 17-1. Maybe employees and managers at other stores followed that procedure. Maybe not. But without some evidentiary showing specific to the other stores, the Court cannot deduce a company-wide problem from the facts presented.

Hank's, however, has proposed too narrow a class. The Court is unconvinced, at this point, that the lunch-break policy was confined to a two-year period. Sales associates who worked before October 2010 and after October 2012 haven't confirmed this circumstance. № 9-2 at 1 & 9-3 at 1. And without reaching the merits, the Court can't conclude that Hank's complied with the FLSA after the ninety-day introductory period for sales associates.

Discovery will focus these issues.

The Court notes that Smith also says she wasn't paid overtime in full "for setting up and stocking the new store . . . ." № 20-1 at 4. No other plaintiff has made a similar allegation. And the conditional group that plaintiffs seek doesn't include persons who weren't paid overtime in one specific instance. № 9 at 2.

The Court conditionally certifies the following collective action:

All sales associates at the Hank's Bowman Road and Russellville stores who, during the three years before the complaint was filed on 26 January 2015, were (1) required to attend sales meetings, or perform pre-opening duties, without pay, or (2) were not paid for lunch breaks they never took, or (3) both.

**3.** The Court directs the parties to confer more about notice and submit a joint final draft by 29 May 2015 that conforms to this Order. The look-back period will be three years from the date of the complaint—without prejudice to Hank's arguing later that no wilful violation occurred. Hank's must provide plaintiffs with a list of potential collective-action members by 12 June 2015. The list should be in Excel, or some other electronically manipulable format. The list must include each person's name, last known address, last known email address, and dates of employment. The Court approves notice

by mail, email, and a follow-up postcard. All these notifications must come from plaintiffs' counsel. After the notice is approved, the Court will order Hank's to post it at the Bowman Road and Russellville stores. The Court declines to appoint a third-party administrator to tend to this small group.

\* \* \*

Motion, № 9, granted as modified. Motion, № 20, granted.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_15 May 2015_